# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

WENDELL R. MUIR,

    Petitioner,

vs.                                                  Civil No. 98-822 M/WWD

FIFTH JUDICIAL DISTRICT COURT and
TOME UDALL, Attorney General, State of
New Mexico,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    1. THIS MATTER comes before the Court upon Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed July 10, 1998.[1] Muir is currently incarcerated and is proceeding *pro se* and *in forma pauperis*. He is in custody of the Kansas Department of Corrections through the New Mexico Corrections Department by authority of the Judgment and Sentence imposed in the Fifth Judicial District Court for Chaves County. See Ans., Ex. A. Muir pled guilty to the felony crime of Escape from the Penitentiary and is serving time for this conviction, enhanced by an eight-year habitual offender sentence.

    2. Muir's petition contains one ground: that Defendants have violated his due process rights under the Fourteenth Amendment of the United States Constitution because he is to be returned to New Mexico for discharge instead of being released from Kansas, where he is currently housed pursuant to the Interstate Corrections Compact. He states that for the last three years, he

---

[1] The Petition was later amended pursuant to an Order directing Petitioner to submit an amended application on an approved form.

has worked in the Kansas Department of Corrections learning a trade in food service, and has an opportunity for employment there after discharge. Under the Interstate Corrections Compact, the location for release of an inmate confined pursuant to the Compact is ordinarily the "sending state" (here, New Mexico) unless the inmate, and the sending and receiving state agree upon "some other place." N.M.S.A. § 31-5-17, Art. 4G. The "sending state" bears the cost of return to its territory. Id.

    3. In response to an "undated letter" Muir wrote to the New Mexico Department of Corrections ("DOC"), the DOC sent Muir a letter stating that he had been removed from earning Meritorious Deductions because he had "refused to pursue an acceptable parole plan and refused to accept the conditions of [his] parole." Ex. to Petition.[2] The letter ends with the statement: "[a]t the time of your discharge, per Interstate Corrections Compact, you will be returned to New Mexico for discharge from one of our facilities." Id. It is not clear from this letter if or how the DOC's actions violate the Compact. However, even assuming a violation occurred, Muir's petition would still be denied.

    4. As Defendants point out in their Answer, Muir does not assert violations of any federal rights. His claims of "undue stress" and "psychological [upheaval]" as a result of being released from prison in New Mexico rather than in Kansas, where it appears he intends to return after release, do not rise to the level of a federal due process violation. At most, Muir alleges a questionable violation of a state statute (the Petition contains no facts to suggest that a violation in fact occurred). Federal habeas review is limited to review of alleged federal constitutional errors, and does not extend to purported violations of state law. See Lennox v. Evans, 87 F.3d 431, 434

---

[2] Petitioner did not attach a copy of the letter he sent to the DOC.

(10th Cir. 1996).

5. Further, it appears that Petitioner has not pursued the appropriate grievance procedure for complaints of violations of the Compact. See N.M.S.A. § 33-2-11(B).[3] Thus, even if Muir had alleged a claim cognizable in a federal habeas petition, this Court would have no jurisdiction to decide its merits. See Brumley v. Gabriel, ___ F.3d ___ (Table, text in Westlaw), 1998 WL 223358 (10th Cir. 1998) (efforts of inmate to bring claims to attention of prison authorities do not constitute, or substitute for, exhaustion of administrative remedies).

6. Muir has also filed a motion for a restraining order preventing the Kansas DOC from transporting him to New Mexico for release [docket #11] and a motion for a hearing [docket #15], both of which should be denied given the above findings.

## Recommendation

I recommend: (1) that the Petitioner's application for Writ of Habeas Corpus **[1]** be denied and that this cause be dismissed with prejudice; (2) that Petitioner's motion for a restraining order **[11]** be denied; and (3) that Petitioner's motion for a hearing **[15]** also be denied.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.

---

[3] Section 33-2-11(B) reads: "No court of this state shall acquire subject-matter jurisdiction over any complaint, petition, grievance or civil action filed by any inmate of the corrections department with regard to any cause of action pursuant to state law that is substantially related to the inmate's incarceration by the corrections department until the inmate exhausts the corrections department's internal grievance procedure. Upon exhaustion of this administrative remedy, the first judicial proceeding shall be a de novo hearing, unless otherwise provided by law."

If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE